IDELLE HOLMAN, APPELLANT, v. PETER KIEWIT SONS' INC., APPELLEE.

36 N. W. 2d 569

Filed April 1, 1949. No. 32562.

*Francis M. Casey*, for appellant.

*Fraser, Connolly, Crofoot & Wenstrand, William H. Wright*, and *Hird Stryker, Jr.*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit to cancel a deed to a tract of real estate in Cass County and to quiet plaintiff's title therein. The trial court found for the defendant and dismissed the action. The plaintiff appeals.

The real estate here involved contains 1.66 acres and is described in the record as Lot 30. It was acquired by plaintiff and her husband from the Lyman-Richey Sand & Gravel Company as a part of a larger tract of 35 acres. The contract of purchase was entered into on February 25, 1933, and the deed delivered on April 21, 1939, vesting the title in plaintiff and her husband, hereafter referred to as Holman, as tenants in common. During this period plaintiff and Holman were recognized by Lyman-Richey Sand & Gravel Company as owners, the delay in the delivery of the deed being due to certain proceedings in which the Lyman-Richey Sand & Gravel Company were involved under the provisions of section 77-B of the Federal Bankruptcy Act.

In the spring of 1934 defendant commenced work on the construction of the approaches to a highway overpass located immediately west of Lot 30. Defendant negotiated with Holman for the right to use the land to secure the materials to build these approaches. For this plaintiff and Holman were to receive $249. Defendant decided to make a recreation park for company employees on Lot 30 and requested a deed to this tract of unimproved river land. Plaintiff and Holman, not having the legal title for reasons heretofore stated, entered into a lease-agreement in writing wherein it is said in part: "As a further part of the consideration for said sum of $249.00, above referred to, a lease of said lands unto the said Peter Kiewit Sons Company, is hereby granted for a period of thirty (30) years following

the date hereof, if the said Loyd Holman and Idelle Holman does not deed said above described real estate to said Company on completion of pumping of said sand and gravel. In the event that said parties do deed said real estate to said Company, the consideration referred to shall apply to such deed."

In the fall of 1934 defendant began improving the property. The land was fenced and landscaped, a cabin was moved in and remodeled, and a caretaker was installed. Wells were sunk and pipes laid to water the newly planted grass. The road and parking place were paved. Playground equipment was installed and a sand beach constructed. The evidence shows a total expenditure of $15,000 in improvements up to the time this suit was commenced.

On June 27, 1935, plaintiff and Holman executed a deed to Lot 30 to the defendant. This deed was retained and not recorded by the defendant until May 2, 1947. Plaintiff denied her signature on the deed in the trial court but expressly waived this defense on appeal. She here contends that the deed was given as security for a loan and that it is nothing more than a mortgage.

The evidence shows that on June 26, 1935, Holman borrowed $350 from the defendant and gave a chattel mortgage on four horses and five cattle as security for the loan. Holman admits that the value of the mortgaged property was in excess of $650. He testifies, however, that defendant insisted upon the deed to Lot 30 as additional security.

The evidence shows that all during the period when defendant was improving Lot 30, plaintiff and Holman lived on an adjacent property. They made no claim of title at any time. The evidence shows admissions by Holman during this period that defendant was the owner. He never demanded the deed back, even though the indebtedness it was allegedly given to secure had been paid. Neither plaintiff nor Holman were ever in pos-

session of the property after February 25, 1933, the date of the written lease-agreement. It is true that Holman paid the taxes on this property during this period, but the evidence shows that it was included with his other lands because the lands stood in the names of plaintiff and Holman. The evidence shows that they were paid by mistake and not as owner. The total taxes paid on Lot 30 over the 12-year period amounted to the total sum of $5.25.

The consideration in the deed given the defendant was $249. This was in accordance with that part of the lease-agreement herein quoted. If the deed had been intended as security for the $350 chattel mortgage loan, that sum would naturally be shown as the consideration in the deed. This constitutes convincing evidence that the deed was given pursuant to the terms of the lease-agreement and not as additional security for the chattel mortgage loan.

We think the trial court was correct in finding that the evidence was insufficient to hold the deed to be a mortgage. A deed given for the purpose of securing a loan will be treated as a mortgage. The evidence in support of such an allegation, however, must be clear, convincing, and satisfactory. Anderson v. Lincoln Joint Stock Land Bank, 131 Neb. 150, 267 N. W. 355. The trial court came to the conclusion that the evidence was not sufficient to meet the requirements of this rule. We find no error in the conclusion reached by the trial court.

AFFIRMED.